(No. 1356— )

FRANK G. ANTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 5, 1298.*

J. E. BEACH, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-
TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant bases his right to an award upon the provisions
of the Act of May 3, 1921, providing for the payment of com-
pensation to soldiers and sailors who served in the war with
Germany. The Attorney General has filed a general de-
murrer to claimant's declaration, and claimant has filed a
motion to overrule the demurrer and for judgment.

The declaration and the exhibits attached thereto and
made a part thereof show that claimant made application
to the Illinois Service Recognition Board for compensation
under the provisions of that Act, and that his claim was dis-
approved by that Board July 13, 1925. The declaration also
shows that claimant made application for compensation to
the Department of Adjusted Compensation of the State of
Ohio, and that his claim was disapproved by it also. He
now contends that the Illinois Service Recognition Board
erroneously disapproved his claim and asks this court to
make an award in his favor for $300.00, the amount he alleges
is due him under the provisions of the Act.

The Service Recognition Board consisted of the Gover-
nor, State Treasurer and Adjutant General. By Section 5
of the Act it is provided, "This board shall have complete
charge and control of the general scheme of payments author-
ized in this Act and may adopt general rules for the making
of such payments, the ascertainment and selection of proper
beneficiaries and the amount to which such beneficiaries are

entitled, and for procedure. The Service Recognition Board shall adopt general rules for determining the question of whether an applicant was a resident of this State at the time he entered the service; and shall prescribe by rule, the nature of the proof to be submitted to establish the fact of residence.''

It is apparent from the provisions of this section that the legislature intended to give the Service Recognition Board full and final jurisdiction of all applications for compensation under that Act. That being true, no court has jurisdiction to review its actions, or to allow claims for compensation which it has passed upon and denied. But it is said by claimant that ''this court has power to recognize those claims which the State of Illinois should, 'in equity and good conscience discharge and pay.' '' That is true as to claims against the State that have not been passed upon by some other agency of the State. But this court has no appellate jurisdiction. And the Service Recognition Board having heard the evidence of claimant in support of his right to compensation and having found against him its finding is a final adjudication of the matter.

It is urged by claimant that his claim was disapproved by the Service Recognition Board for reasons over which he had no control—for no fault of his. If that be true, he had an opportunity to have the whole matter gone into for the purpose of determining whether or not he was really entitled to the compensation claimed. On November 15, 1927, he was notified that the existence of the Service Recognition Board terminated November 9, 1927. The Legislature recognized that there might be claimants whose claims had been disallowed through no fault of theirs, and passed the Act of July 7, 1927. This Act provides that any person entitled to compensation under the Act of May 3, 1921, ''and who in good faith applied for but, through no fault of his own, did not receive such compensation * * * * shall be paid the same compensation as that provided for by said cited Act, if such person makes application therefor within one year from the time this Act takes effect. Application for delayed compensation under the provisions of this Act shall be made to the Adjutant General of Illinois.'' Section 2 of this Act makes it the duty of the Adjutant General ''to receive and pass upon the merits of all applications for compensation

made within the provisions of this Act''. Under the provisions of this law claimant had one year after July 7, 1927, to file his application with the Adjutant General. By doing so he could have had his claim passed upon by an agency of the State duly authorized by law to do so. His failure to comply with the provisions of the statute does not warrant this court in assuming jurisdiction of his case.

The demurrer is sustained and the case dismissed.